UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>GIAN HERNANDEZ, et al.,<br><br>Defendants. | No. 2:18-cv-2097 AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se who is currently housed at California State Prison – Los Angeles ("CSP-LA"). Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and he has filed a motion to proceed in forma pauperis. See ECF No. 11. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On August 1, 2018, plaintiff filed a "petition for writ of mandate."[1] ECF No. 1. Since then, plaintiff has also filed a civil rights complaint and a motion to amend his civil rights complaint. ECF Nos. 6, 9. In addition plaintiff has filed two motions for a preliminary injunction and a temporary restraining order (ECF Nos. 4, 7) as well as a motion to appoint counsel (ECF No. 5).

---

[1] Because plaintiff's initial filing was a petition for writ of mandate, it was initially identified as a habeas-related matter. However, the content of that pleading as well as the content of subsequent documents filed by plaintiff appear to indicate that plaintiff intended to file a civil rights action pursuant to 42 U.S.C. § 1983. See generally ECF Nos. 1, 4, 6, 7, 9.

1

A review of each of these filings and related court records indicates the following: (1) the named defendants as well as individuals it appears plaintiff wishes to add as defendants to his amended complaint are located at the R.J. Donovan Facility ("RJD") and at CSP-LA[2] (see ECF Nos. 1, 6, 9); (2) the individuals against whom plaintiff would like injunctions and restraining orders to issue are also located at these facilities (see generally ECF Nos. 4, 7); (3) the question of injunctive relief as it relates to incidents at RJD may have already been adjudicated, at least in part, by the Southern District (see ECF No. 7 at 16-18) (Southern District court order dated May 25, 2018 denying plaintiff's preliminary injunction and temporary restraining order motions against RJD employees), and (4) in the past, plaintiff has been declared a three-strikes litigant pursuant to 28 U.S.C. § 1915(g).[3]

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the named defendants are located and the outstanding, unlitigated claims arose at CSP-LA in Los Angeles County, which is in the Central District of California. See generally ECF Nos. 1, 6, 9. Therefore, plaintiff's claim should have been filed in the United

---

[2] It appears that plaintiff wishes to add the Attorney General of California, a deputy attorney general and other private attorneys located in Sacramento as defendants. See ECF No. 6 at 1-5; see also ECF No. 9 at 3-10. However, in so doing, it appears that plaintiff is improperly attempting to relitigate claims in a case that has been previously adjudicated at both the District Court and Ninth Circuit levels. Compare ECF No. 6, with Bradford v. Marchak, No. 1:14-cv-1689 LJO BAM P (E.D. Cal. Jul. 9, 2018), ECF Nos. 336, 337, 343, 344, 346 (same named defendants and similar arguments made by plaintiff on appeal against defense attorneys). For this reason, adding these individuals to the instant action as defendants in an attempt to have jurisdiction attach in the Eastern District would be improper.

[3] See Bradford v. German, No. 1:15-cv-1511 LJO BAM (E.D. Cal. Oct. 14, 2015) (Fresno), ECF No. 4 at 1-2, n.1; ECF No. 5 (finding plaintiff is a three-strikes litigant and dismissing action without prejudice to refiling with submission of $400.00 filing fee).

States District Court for the Central District of California.  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).  Therefore, the Clerk of Court will be directed to transfer this action to the Central District of California's Western Division.  See 28 U.S.C. § 1391(b); see also 28 U.S.C. § 84(c).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court transfer this matter to the United States District Court for the Central District of California, Western Division.

DATED: November 14, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE